WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GMAC REAL ESTATE, LLC, | No. CV 10-192-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| JOSEPH CARL SECURITIES, INC.; JOSEPH CARL REAL ESTATE d/b/a DIAMOND GMAC REAL ESTATE; MICHAEL BARRERAS; RACHELLE STROLE f/k/a RACHELLE SMITH, | |
| Defendants. | |

Pending before the Court is GMAC Real Estate, LLC ("GMAC")'s Motion to Compel (Doc. #36) Defendant/Judgment Debtor Michael Barreras ("Barreras") to produce financial documents and re-appear for a Judgment Debtor's Examination pursuant to Federal Rule of Civil Procedure 69(a). The Court now rules on the Motion.

**I. BACKGROUND**

On June 11, 2009, judgment was entered against Barreras in the United States District Court for the Northern District of Illinois. On July 21, 2009, GMAC domesticated the Judgment in Arizona. On Oct 21, 2009, GMAC noticed Barreras' judgment debtor's examination (JDE) (Doc. #18). The notice included requests for financial documents. (Doc. # 18-1) GMAC maintains that these documents are necessary for a full determination of Barreras' assets and capability to satisfy the judgment. Although originally noticed for

November 3, 2009, the JDE was rescheduled to November 6, 2009, at the request of Barreras. The amended notice was mailed and emailed to Barreras on November 3, 2009.

Barreras attended the JDE and answered some questions. However, Barreras did not produce any of the requested documents. On November 9, 2009, GMAC's counsel by mail and email requested Barreras to produce the requested financial documents. Barreras did not produce the documents and objected to the release of tax documents on privacy grounds. Barreras subsequently retained counsel. On November 24, 2009, GMAC's counsel sent a letter and proposed stipulated protective order to Barreras' counsel, again requesting the financial documents. The stipulated protective order contained provisions allowing for tax documents to be identified as "Confidential" and "Attorney's Eyes Only."

Barreras' counsel responded by letter on December 1, 2009, stating that the documents were not yet due under Rule 34, and requesting additional time to determine if the stipulated protective order was sufficient. In response to this letter GMAC's counsel filed a motion requesting the court to: 1) compel disclosure of the financial documents; 2) compel Barreras to re-appear for a judgment debtor's examination; and 3) award GMAC reasonable attorney's fees and costs under Rule 37. The motion included a certification that GMAC's counsel attempted to resolve the dispute prior to filing this motion.

**II. GMAC's MOTION TO COMPEL**

    **A.    Barreras is required to disclose financial documents**

GMAC has domesticated the judgment against Barreras in this Court. To assist in determining a judgment debtor's assets, judgment creditors may obtain discovery both as permitted by the Federal Rules and by the procedural rules of the state where the federal court is located. FED. R. CIV. P. 69(a)(2). The production of documents, pursuant to an oral deposition, may be required under a subpoena duces tecum or requested under Rule 34. FED. R. CIV. P. 30(b)(2). A party may object to a request for documents made under Rule 34 within 30 days. FED. R. CIV. P. 34(b)(2)(A). Serving a motion by mail or email will extend this time for three days. FED. R. CIV. P. 6(d); 5(c)-(e). Objections must be in writing and

identify the particular portions of the request subject to the objection; all other portions should be made available for inspection. FED. R. CIV. P. 34 (b)(2)(C).

Here, notice was served without a subpoena and therefore the request for documents was made pursuant to Rule 34. The amended notice was served on November 3, 2009, and was served by both regular mail and email. With the additional three days provided by Rule 6(d), Barreras was required, under the discovery rules, to respond or object to the request to produce documents by December 7, 2009, the same date that GMAC through counsel filed a motion to compel disclosure.

Although Barreras objected to certain documents on privacy grounds, his objection was not in writing. His verbal objection does not meet the technical requirements of Rule 34, which requires objections to be in writing. The December 1, 2009 letter from Barreras' counsel also fails to qualify as an objection for technical reasons. The letter does not identify which financial documents were subject to objection. In addition, access was not allowed to the uncontested documents. Although counsel for Barreras requested additional time as he was only recently engaged, the Federal Rules of Civil Procedure do not extend time for the hiring of an attorney.

GMAC's request for documents was proper under Rule 34. As there have been no timely objections,[1] the court orders that Barreras produce the requested documents.

**B. Barreras is required to re-appear at a Judgment Debtor's Examination**

Barreras' counsel has argued that GMAC has exhausted its opportunity to question Barreras at a JDE. Generally, without leave of court, a deponent may not be deposed more than once in the same case. FED. R. CIV. P. 30(a)(2)(A). However, the Court may compel a response when a party fails to answer a deposition question. FED. R. CIV. P.37(a)(3)(b). Providing an evasive or incomplete answer or disclosure during a deposition is treated as a failure to disclose. FED. R. CIV. P. 37(a)(4).

---

[1] Barreras did file an objection with the Court on January 22, 2010 (Doc. # 64). This Court will not consider the untimely objection which Barreras filed more than a month after the Motion to Compel and more than two months after the original notice.

1    Barreras was unable to fully answer questions at his deposition due to his failure to produce documents. Although at the time of the November 6, 2009 JDE Barreras answered some questions, his inability to fully answer GMAC's questions sufficiently impaired the purpose of the JDE. Here, Barreras' incomplete answers necessitate his returning for a second JDE.

**III. ATTORNEY'S FEES**

Rule 37(a)(5) provides that the prevailing party can recover costs associated with a discovery motion; the court must require the party whose actions necessitated the motion to pay reasonable costs and fees associated with the motion. FED. R. CIV. P. 37(a)(5). Conversely, the court must not order an award of fees if it is convinced that the motion was 1) filed prematurely, without a good-faith attempt to resolve the conflict; 2) the opposing party's nondisclsoure was substantially justified; or 3) if the award of sanctions would harm the interest of justice. FED. R. CIV. P. 37(a)(5)(A).

Here, the factors militate in favor of an award of sanctions. GMAC's motion was not filed prematurely or in bad-faith; GMAC repeatedly attempted to contact Barreras to obtain the documents prior to filing the Motion to Compel. Similarly, Barreras' nondisclosure was not substantially justified. Barreras did not object in a timely manner or in writing. In addition, GMAC drafted a protective order designed to address Barreras' verbally raised privacy concerns. Finally, the interests of justice are served by an award of attorney's fees and costs. Rule 37 sanctions do more than penalize individual violators, the sanctions also provide deterrence to those who would circumvent the discovery rules absent some penalty. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 2463 (1980). In keeping with the deterrent effect provided by strict application of Rule 37, GMAC's request for attorney's fees and costs associated the with the motion is granted. To assist the Court in determining the amount of reasonable fees and costs, GMAC shall file a motion, with supporting documentation, in the manner and within the time limits described by Local Rule of Civil Procedure 54.2.

Accordingly,

**IT IS ORDERED** that GMAC Real Estate, LLC's Motion to Compel Production of Documents (Doc. # 36) is granted. Barreras will completely and accurately provide access to the financial documents requested in Exhibit "A" of Barreras' judgment debtor's examination notice (Doc. # 18-1) within 15 days of the date of this Order.

**IT IS FURTHER ORDERED** that Barreras reappear for a Judgment Debtor's Examination at a time and date convenient to both parties, but the Examination shall occur no later than one month from the date of this Order.

DATED this 2nd day of February, 2010.

James A. Teilborg
United States District Judge